IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.T., R.D., and KAITLIN BAILEY, *Plaintiffs*, <br><br> v. <br><br> A PLACE FOR ROVER and ANTOINE SMITH *Defendants*. | CIVIL ACTION <br><br> NO. 23-02858 <br> NO. 23-02859 <br> NO. 23-02860 |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                                October 11, 2023

The civil actions arise from events that took place beginning in late 2020 or early 2021. Plaintiffs[1] have brought several claims, discussed below, against Defendants A Place for Rover, d/b/a Rover ("Rover"), and Antoine Smith. Plaintiffs move to remand the action to the Philadelphia Court of Common Pleas. For the following reasons, the Motion will be denied.

### I.   Relevant Factual Background and Procedural History

Plaintiffs are three women who provided in-home pet-care services for Defendant Smith. See ECF No. 13 Ex. A (Compl.). Plaintiffs allege that Defendant Smith contacted Plaintiffs, seeking pet-care services, through Defendant Rover. Id. ¶ 92. Defendant Rover is a pet-care services company that hosts a website and mobile application where pet owners interact with, message, and hire pet-care providers. Id. ¶ 10. Plaintiffs claim that Defendant Smith used hidden cameras disguised as clocks, Bluetooth speakers, and other items, to secretly film them in his home while they showered, used the bathroom, slept, and were in various stages of undress. Id. ¶ 7. Plaintiffs allege that Defendant Smith used Defendant Rover to prey upon them. See ECF No. 13

---

[1] Three Plaintiffs, K.T., R.D. and Bailey, filed separate suits against both Defendants Rover and Smith, with overlapping issues. This Court consolidated these cases for pretrial purposes on September 18, 2023. ECF No. 28. All citations to ECF refer to Plaintiff Bailey's docket, 23-2860, unless otherwise specified.

1

(Pl.'s Memo.) at 1. [2] They also assert that Defendant Rover was aware of the use of hidden cameras by its pet owners and chose not to take preventative measures. Id. at 2. Plaintiffs claim that Defendant Smith's Rover account was reported, prior to moving to Philadelphia, for inappropriate conduct. Compl. ¶ 64. Plaintiffs contend that Defendant Rover took no steps to remove Defendant Smith from its platform after the report. Id.

Plaintiffs filed Complaints against both Defendant Smith and Defendant Rover in the Philadelphia Court of Common Pleas on June 6, 2023. Pl.'s Memo. at 2. In their Complaints, Plaintiffs allege the following claims:

1. Violation of the Pennsylvania Human Trafficking Statute under 18 Pa. Const. Stat. Ann. § 3051 against both Defendants (Count I);

2. Violation of 18 P.A. C.S. § 5703 against Defendant Smith (Count II);

3. Intentional Infliction of Emotional Distress against Defendant Smith (Count III);

4. Vicarious liability for violation of 18 P.A. C.S. § 5703 against Defendant Rover (Count IV);

5. Negligence against Defendant Rover (Count V); and

6. Negligent Infliction of Emotional Distress against Defendant Rover (Count VI)

Compl. at 28–35.

Defendant Smith was served notice via certified mail on June 26, 2023. Pl.'s Memo. at 3. However, as discussed further below, Defendant Smith did not sign the papers delivered to him by certified mail. ECF No. 20 (Def.'s Opp.) at 3. [3] The corresponding affidavit of service was docketed on June 29, 2023 ("First AOS"). Pl.'s Memo. at 3. Defendant Smith was also served notice via personal service on June 27, 2023. Id. The Affidavit of Service ("AOS") reflecting

---

[2] "Pl.'s Memo." will be used to refer to Plaintiff's Memorandum of Law in Support of Motion to Remand.
[3] "Def.'s Opp." will be used to refer to Defendant Rover's Opposition to Motion to Remand.

2

Defendant Smith's personal service did not appear on the docket until August 18, 2023 ("Second AOS"). Id. Defendant Rover was served via personal service on July 7, 2023, which appeared in the docket on July 17, 2023. Id.

After learning that Defendant Smith had retained Counsel, Counsel for Defendant Rover sent an email to Defendant Smith's Counsel on July 10, 2023. Def.'s Opp. at 2–3. Counsel for Defendant Smith responded, stating that he believed service to Defendant Smith was proper but would confirm. Id. at 3. Counsel for Defendant Rover spoke with Counsel for Defendant Smith over the phone on July 25, 2023. Id. During this call, Counsel for Defendant Smith informed Counsel for Defendant Rover that he believed that Defendant Smith's service by certified mail was in fact improper because Defendant Smith never signed the papers delivered to him by certified mail on June 26, 2023. Id.; ECF No. 1 (Not. of Rem.) ¶ 19.[4] One day later, on July 26, 2023, Defendant Rover filed a Notice of Removal on the basis of diversity jurisdiction. See ECF No. 1.

Counsel for Defendant Smith believed that service was improper after reviewing the only filed AOS at the time, docketed on June 29, 2023, and learning from his client that he had been handed complaints but never signed anything. Def.'s Opp. at 3. The First AOS claimed service by mail, which requires a signature of receipt. Id. Counsel for Defendant Smith believed his client had only been handed the complaint by a mail carrier and not a process server. Id. at 4. According to Defendant Rover, it was only after the filing of the Second AOS on August 18, 2023—over three weeks after removal—that Mr. Smith's Counsel learned that Defendant Smith was personally served on June 27, 2023, and that service was proper. Id. at 1.

---

[4] "Not. of Rem." will be used to refer to Defendant's Notice of Removal.

On July 28, 2023, Counsel for Plaintiffs informed Counsel for Rover of the Plaintiffs' intent to seek remand. Id. at 3. Defendant Rover asserts that Counsel for Plaintiffs never informed Counsel for Defendant Rover that Defendant Smith had also been served by personal service, and claims that it had no knowledge that Defendant Smith was personally served prior to the expiration of the deadline to consent. Id. at 3, 10. On August 17, 2023, one day before notice of personal service was docketed and several weeks after Defendant Rover filed a Notice of Removal, Plaintiffs' Counsel informed Counsel for Defendant Rover that Defendant Smith had been served via personal service. Id. at 3. On August 25, 2023, both Defendants filed an Amended Joint Notice of Removal, with Defendant Smith's consent. Id. at 4. Plaintiffs asked Defendants to withdraw the Amended Notice of Removal because Defendants had not obtained leave to do so. Id. n.4. This Amended Notice of Removal was subsequently withdrawn by Defendants on September 8, 2023. Id. at 4. Plaintiffs filed a Motion to Remand on August 25, 2023. ECF No. 13. On September 8, 2023, Defendants filed a Response in Opposition to Motion to Remand. Def.'s Opp. Plaintiffs thereafter filed a Reply in Support of Plaintiffs' Motion to Remand. ECF No. 22 (Rep. in Supp.).[5] Defendant Rover then filed a Motion for Leave to File a Surreply, attaching its Proposed Surreply as Exhibit A. ECF No. 24.

A chronology of the relevant dates discussed above is attached.

II. **Legal Standard**

Federal district courts have jurisdiction over cases where the matter in controversy exceeds the sum or value of $75,000, and there exists complete diversity between citizens of different states. 28 U.S.C. § 1332(a). "Lack of subject matter jurisdiction voids any decree entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be

---

[5] "Rep. in Supp." will refer to Plaintiff's Reply in Support of Plaintiff's Motion to Remand.

futile." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Dunson v. McNeil-PPC, Inc., 346 F. Supp. 2d 735, 737 (E.D. Pa. 2004). Thus "[i]f the court determines that it lacks federal subject matter jurisdiction, then remand is mandatory." Apoian v. Am. Home Prods., Corp., 108 F. Supp. 2d 454, 455 (E.D. Pa. 2000).

Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth., 809 F.2d at 1010. In Brown v. Francis, the Third Circuit interpreted "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." 75 F.3d 860, 865 (3d Cir. 1996). The "removing party bears the burden of proving the existence of federal subject matter jurisdiction." Apoian, 108 F. Supp. 2d at 455.

28 U.S.C. § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1146(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Remand to the state court is therefore appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). "The defendant bears the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, 2003 WL 21204467, at *1 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

### III. Discussion

#### A. Whether Removal was Proper Under 28 U.S.C. § 1446

Plaintiffs seek remand, making two arguments. First, Plaintiffs argue that Defendant Rover's Notice of Removal was deficient because Defendant Rover failed to comply with the rule

5

of unanimity, by not timely obtaining Defendant Smith's joinder or consent to the removal. Pl.'s Memo. at 7. Second, Plaintiffs argue that Defendant Rover did not exercise reasonable diligence to determine whether Mr. Smith was properly served and whether his consent was required to overcome the lack of unanimity. Id. at 9.

Defendant Rover argues that even if the Notice of Removal lacked unanimity, the Motion to Remand should be denied because Defendant Rover exercised reasonable diligence and to the extent Defendant Smith's consent to removal is untimely, the delay was due to excusable neglect. Def.'s Opp. at 1. In the alternative, Defendant Rover argues that the Court should find that Plaintiffs' delay in filing the Second AOS equitably tolled the consent deadline. Id. at 2.

### 1. Defendant Smith Was Properly Served on June 27, 2023

As a threshold matter, this Court must determine whether Defendant Smith was properly served. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." (emphasis added). Pennsylvania Administrative Code Rule 403 governs service by mail. It states:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

231 Pa. Code Rule 403.

Pennsylvania courts and district courts that apply Rule 403 governing service by certified mail have required a receipt that is signed by either the defendant or its authorized agent. Washington v. LM General Insurance Company, 598 F. Supp. 3d 280, 286 (E.D. Pa. 2022). In Washington, the plaintiff alleged that he had properly served the defendant by certified mail. Id. at 281. A stamp was placed in lieu of a signature on the defendant's return receipt card. Id. at 282. The defendant removed the case 31 days after the attempted service by mail. Id. 282–83.

6

The plaintiff argued that this removal was untimely. Id. at 282. This Court held that the service by mail was improper because the receipt lacked a signature by the recipient and therefore, the clock had not started on the thirty-day removal period at that time. Id. at 287.

The first attempted service of Defendant Smith was improper.[6] It is uncontested that Defendant Smith never signed the return receipt after being delivered the complaints by mail. Pl.'s Memo. at 4; Def.'s Opp. at 2. As of June 26, 2023, Defendant Rover was not required to properly join or obtain consent from Defendant Smith for removal.

Both parties stipulate to the fact that Defendant Smith was properly served by personal service on June 27, 2023. Pl.'s Memo. at 3; Def.'s Opp. at 3. However, Defendant Rover did not learn of this service until August 17, 2023, when Plaintiffs' Counsel informed Rover's Counsel that she believed Mr. Smith had been properly served. Def.'s Opp. at 3. The implications of this late filing of proof of service are examined below in the discussion on whether Defendant Rover exercised reasonable diligence to determine whether Mr. Smith was properly served and whether his consent was required.

### 2. Defendant Rover Exercised Reasonable Diligence

Plaintiffs argue that Defendant Rover's Notice of Removal, filed on July 27, 2023, lacked unanimity as required by 28 U.S.C. § 1446(b)(2)(A) because Defendant Smith did not join in or consent to the removal.[7] Pl.'s Memo. at 6–7. This section requires that:

---

[6] Plaintiffs argue for the first time in their Reply in Support of Plaintiffs' Motion to Remand that the First AOS reflects proper *personal* service by mail carrier. Rep. in Supp. at 1. Defendants argue in response that service by mail absent a signed return receipt is improper and that Plaintiffs cannot cure this defect by claiming the mail carrier personally served Defendant Smith. ECF No. 24 Ex. A (Def.'s Surreply at 2). This Court agrees with Defendants that the First AOS was an attempt at service by certified mail rather than proper personal service under 231 Pa. Code Rule 400.

[7] Defendant Smith ultimately consented, as is evidenced by the filing of an Amended Joint Notice of Removal on August 25, 2023. See ECF No. 14. This Amended Joint Notice of Removal was subsequently withdrawn on September 8, 2023, but "Mr. Smith reiterates that he has consented and continues to consent to removal." ECF No. 18.

7

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A).  Defendants must "clearly and unambiguously join in or otherwise consent to the…removal within the thirty-day period" to satisfy the rule of unanimity.  Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994).  "Failure of all defendants to join is a 'defect in removal procedure' within the meaning of [28 U.S.C.] § 1447(c), but is not deemed to be jurisdictional."  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990)).

Defendant Rover did not join or obtain consent from Defendant Smith under the rule of unanimity.  Defendant Smith was personally served on June 27, 2023.  Pl.'s Memo. at 3.  Defendant Rover, however, filed a Notice of Removal on July 26, 2023, without obtaining Defendant Smith's consent.  Not. of Rem.  Instead, Defendant Rover stated in the Notice of Removal that Defendant Smith's consent was not required because the attempted service by mail on June 26, 2023 was improper.  Id. ¶ 19.  In its Opposition to Plaintiff's Motion to Remand, Defendant Rover also argued that it was not aware that personal service was properly effectuated because of confusion on the part of Defendant Smith's Counsel, who believed (and conveyed to Defendant Rover) that only the attempted service by mail had occurred.  Def.'s Opp. at 3.

Defendant Rover argues that even if the Notice of Removal lacked unanimity, the Motion to Remand should be denied because Defendant Rover exercised reasonable diligence to determine whether Mr. Smith was properly served and whether his consent was required.  Def.'s Opp. at 1.

Before filing a notice of removal "a defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served."  Laurie v. National R.R. Passenger Corp., 2001 WL 34377958 at *1 (E.D. Pa. Mar. 13,

8

2001) (citing Milstead Supply Co. v. Casualty Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992)). Black's Law Dictionary defines "reasonable diligence" as "[a] fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue." *Reasonable Diligence*, BLACK'S LAW DICTIONARY (11th ed. 2019). The defendant in Laurie filed for removal after its codefendants had been served but before the proofs of service for those codefendants were filed with the court. Laurie, 2001 WL 34377958 at *1. The plaintiff moved for remand, arguing that the notice of removal was improper due to the lack of consent from all properly served defendants. Id. The removing defendant checked the docket up until the day it filed its removal and had called the Office of the Prothonotary more than once to discover whether a proof of service had been filed but not yet docketed. Id. This Court denied the plaintiff's motion to remand, finding that the removing defendant was reasonably diligent in its filing. Id.

District courts in this this Circuit are split as to whether the rule of reasonable diligence from Laurie should be followed. Compare Leuzzi v. Dollar Tree Stores Inc., 2005 WL 2972982 at *2 (E.D. Pa. Nov. 4, 2005) (finding that defendant could not rely on court docket when codefendants were named at time notice of removal was filed); Johnson v. Vertis, Inc., 2002 WL 31388817 at *1 (E.D. Pa. Oct. 23, 2002) (defendant's failure to seek consent not excused when complaint identified names and addresses of all defendants); Greco v. YellowPages.com, LLC, 2009 WL 3571897 at *1 (M.D. Pa. Oct. 26, 2009) (finding that Laurie correctly states the applicable law).

The Court in Dixon v. Allstate Insurance Company did not decide whether reasonable diligence was the appropriate standard. 2017 WL 1150641 at *3 (E.D. Pa. Mar. 27, 2017). The removing defendants in Dixon had repeatedly checked the court dockets for proof of service and had also contacted the co-defendant who had advised that it had not yet been served. Id. The court

9

held, assuming *arguendo* that the Court adopted the Laurie standard, the defendants had not been reasonably diligent because they had not made efforts up until the day the removal was filed. Id. The last time the defendants had checked in with their co-defendant regarding service was ten days before filing their Notice of Removal. Id.

Here, the Court believes that it is appropriate to apply the reasonable diligence standard and finds that Defendant Rover exercised reasonable diligence in determining whether Mr. Smith was properly served and whether his consent was required as set forth by the Laurie court. On June 22, 2023, Counsel for Rover signed up to receive daily alerts for filings in the state court actions. Def.'s Opp. at 2. On July 25, 2023, one day before Defendant Rover filed a Motion for Removal, Counsel for Rover spoke over the phone with Defendant Smith's Counsel, who advised that Defendant Smith had not been properly served. Id. at 3. At no point during this conversation did Counsel for Defendant Smith mention that Defendant Smith had been personally served on June 27, 2023. Id. In fact, according to his Affidavit, Counsel for Defendant Smith believed that his client had only been served improperly by certified mail up until August 18, 2023, when he received a copy of the First AOS showing proper personal service. ECF No. 20, Davis Decl. at 3.[8]

Unlike in Dixon, where the defendant filed its Notice of Removal ten days after ceasing efforts to determine whether service was proper, Defendant Rover filed its Notice of Removal the day after learning from Defendant Smith's Counsel that service was believed to be improper. At that point, Defendant Smith's Counsel was still under the impression that Defendant Smith had not been properly served and the state court docket reflected the same. As such, Defendant Rover exercised reasonable diligence to determine whether Defendant Smith was properly served.

---

[8] "Davis Decl." is used to refer to the Declaration of William M. Davis in Support of A Place for Rover's Opposition to Plaintiffs' Motion to Remand.

Because the Court finds that removal was proper on the basis of reasonable diligence, the Court need not address Defendant Rover's excusable neglect and equitable tolling arguments.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate order follows.

O:\CIVIL 23\23-2858 K.T. v. A Place for Rover et al\23cv2858 Memorandum re Motion to Remand.docx

## **CHRONOLOGY OF EVENTS**

- June 6, 2023 – Plaintiffs file Complaints against both Defendant Smith and Defendant Rover in the Philadelphia Court of Common Pleas.

- June 26, 2023 – Defendant Smith is improperly served via certified mail.

- June 27, 2023 – Defendant Smith is properly served via personal service.

- June 29, 2023 – The affidavit of service corresponding with the attempted service of Defendant Smith on June 26, 2023 ("First AOS") is docketed.

- July 7, 2023 – Defendant Rover is properly served via personal service.

- July 10, 2023 – Counsel for Defendant Rover emails Counsel for Defendant Smith. Counsel for Defendant Smith informs Defendant Rover's Counsel that he believes service to Mr. Smith was proper but would confirm.

- July 17, 2023 – The affidavit of service corresponding with the proper service of Defendant Rover on July 7, 2023 is docketed.

- July 25, 2023 – Counsel for Defendant Rover and Counsel for Defendant Smith speak over the phone. Defendant Smith's Counsel informs Defendant Rover's Counsel that he believes the attempted service to Mr. Smith by certified mail was improper. Counsel for Defendant Smith informs Counsel for Defendant Rover that Mr. Smith never signed the papers delivered to him by certified mail.

- July 26, 2023 – Defendant Rover files a Notice of Removal without Defendant Smith's consent.

- July 28, 2023 – Counsel for Plaintiffs informs Counsel for Defendant Rover that Plaintiffs intend to seek remand.

- August 17, 2023 – Plaintiffs' Counsel informs Counsel for Defendant Rover that Defendant Smith had been served via personal service on June 27, 2023.
- August 18, 2023 – The affidavit of service corresponding with the personal service made to Defendant Smith on June 27, 2023 ("Second AOS") is docketed.
- August 25, 2023 – Plaintiffs file a Motion to Remand.
- August 25, 2023 – Both Defendants file and Amended Joint Notice of Removal, with Defendant Smith's consent.
- September 6, 2023 – Plaintiffs ask Defendants to withdraw the Amended Notice of Removal because Defendants had not obtained leave to do so.
- September 8, 2023 – Defendants withdraw the Amended Notice of Removal.
- September 8, 2023 – Defendants file a Response in Opposition to Motion to Remand.
- September 12, 2023 – Plaintiffs file a Reply in Support of Plaintiffs' Motion to Remand.
- September 15, 2023 – Defendant Rover files a Motion for Leave to File a Surreply, attaching its Proposed Surreply as Exhibit A.