IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.T., R.D., and KAITLIN BAILEY,<br>*Plaintiffs,*<br><br>v.<br><br>A PLACE FOR ROVER and ANTOINE SMITH<br>*Defendants.* | CIVIL ACTION<br><br>NO. 23-02858<br>NO. 23-02859<br>NO. 23-02860 |

### MEMORANDUM RE: MOTION FOR RELIEF

**Baylson, J.**                                                                                           **March 29, 2024**

Pending before this Court is Plaintiffs' Motion for Relief from Judgment or Order of this Court's October 11, 2023 denial of Plaintiffs' Motion to Remand ("Motion for Relief"). ECF No. 39. [1] For the following reasons, the Motion for Relief will be denied.

I. **Relevant Factual Background**

Familiarity with the relevant factual background is presumed, and incorporated by reference from this Court's October 11, 2023 Memorandum accompanying its order denying Plaintiffs' Motion to Remand ("October 11 Order"). See ECF No. 31.

II. **Procedural History**

On August 25, 2023, Plaintiffs filed a Motion to Remand to the Philadelphia Court of Common Pleas. ECF No. 12. On September 8, 2023, Defendant Rover filed a Response in Opposition to the Motion to Remand. ECF No. 20. On September 12, 2023, Plaintiffs filed a Reply. ECF No. 22.

---

[1] On September 18, 2023, this Court consolidated the three related cases (23-2859, 23-2859, and 23-2860) for pretrial purposes. See ECF No. 28. For ease of reference, all citations in this Memorandum are to the Kaitlin Bailey v. A Place for Rover, et al. docket (23-2860) unless otherwise noted.

1

This Court denied Plaintiffs' Motion to Remand in its October 11 Order. ECF No. 32. In its Memorandum accompanying the October 11 Order, this Court found that removal was proper, despite lack of consent from Defendant Smith to the removal, because Defendant Rover exercised reasonable diligence to determine whether Defendant Smith was properly served and whether his consent was required. This Court explained that:

> Here, the Court believes that it is appropriate to apply the reasonable diligence standard and finds that Defendant Rover exercised reasonable diligence in determining whether Mr. Smith was properly served and whether his consent was required as set forth by the Laurie court. On June 22, 2023, Counsel for Rover signed up to receive daily alerts for filings in the state court actions. Def.'s Opp. at 2. On July 25, 2023, one day before Defendant Rover filed a Motion for Removal, Counsel for Rover spoke over the phone with Defendant Smith's Counsel, who advised that Defendant Smith had not been properly served. Id. at 3. At no point during this conversation did Counsel for Defendant Smith mention that Defendant Smith had been personally served on June 27, 2023. Id. In fact, according to his Affidavit, Counsel for Defendant Smith believed that his client had only been served improperly by certified mail up until August 18, 2023, when he received a copy of the First AOS showing proper personal service. ECF No. 20, Davis Decl. at 3.

ECF No. 31 at 10.

On December 5, 2023, Plaintiffs filed a Motion for Relief under 60(B), asking that this Court vacate its October 11 Order denying Plaintiffs' Motion to Remand and remand these civil actions to the Philadelphia Court of Common Pleas. ECF No. 39. On December 19, 2023, Defendant Rover filed a Response in Opposition. ECF No. 40. No reply has been filed.

**III. Parties' Contentions**

In their Motion for Relief, Plaintiffs argue that new evidence establishes that Defendant Smith's counsel was aware of proper service despite prior misrepresentations. ECF No. 39 at 6. Plaintiffs argue that "informal discovery" from related state court actions, and in particular, text messages on Defendant Smith's phone, "demonstrate that on the same day that Smith was served

2

via personal service, he promptly informed his Counsel that he was personally served." ECF No. 39 at 7.

> **Smith:** Some guy just left and served me the papers
> **Redacted:** The same ones?
> **Smith:** Yes but names hold on
> …
> **Redacted:** I know. Served twice in one day
> **Smith:** I'll text Perri now
> **Redacted:** Ok. Let me know what happens
> **Smith:** No he said the mail was [sic] wasn't serving
>      So only once today
> **Redacted:** Ok
> **Smith:** Wow I'll tear these up
> …
> **Redacted:** They really wanted to ensure you got copies.  Don't tear them.  Keep them for your records

ECF No. 39-2 at 6-7, Ex. B.  Plaintiffs argue that this text message thread indicates that Defendant Smith notified Mr. Perri, Mr. Davis's co-counsel, that he had been personally served on June 27, 2023 and therefore "negate[s] prior representations made to this Court that Mr. Davis was unaware that his [client] had been properly served." ECF No. 39 at 7.  Plaintiffs assert that this "new evidence warrants this Court's review" of its October 11 Order.  Id.

In Response, Defendant Rover argues that the Motion is improper because the matter is stayed pending arbitration and the Motion is untimely because it is a motion for reconsideration under Local Rule 7.1(g), and the deadline to seek reconsideration under this local rule passed almost six weeks before Plaintiffs filed the Motion.  ECF No. 40 at 4.  Defendant Rover also argue that the Motion is without merit because "Plaintiffs' text messages do not change the Court's original conclusion that removal was proper based on Rover's reasonable diligence." Id. at 4-5.

3

### IV. Legal Standard

Under Federal Rule of Civil Procedure 60(b)(2), a court may relieve a party from an order due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).  A motion for relief under Rule 60(b) is treated the same way as a motion to reconsider.  Monroe v. SmithKline Beecham Corp., 2010 WL 9461998, at *1, n.1 (E.D.Pa. July 23, 2010).  A motion to reconsider is meant to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Rule 60(b)(3) allows a moving party to obtain relief from judgment due to "fraud…misrepresentation, or misconduct by an opposing party." Fed R. Civ. P. 60(b)(3).  The moving party must establish that "the adverse party engaged in fraud or other misconduct, and…[that] this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983)).  "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Brown v. Pennsylvania Railroad Co., 282 F.2d 522, 527 (3d Cir. 1960).

### V. Discussion

The key question guiding this Court's analysis with respect to Plaintiffs' Motion to Remand in its October 11 Order was whether Defendant Rover exercised reasonable diligence in determining that consent from Defendant Smith was not needed prior to removing these cases to federal court.  This Court determined at that time that Defendant Rover exercised reasonable diligence by "sign[ing] up to receive daily alerts for filings in the state court actions" and by speaking over the phone with Defendant Smith's Counsel (Mr. Davis) who advised that Defendant Smith had not been properly served.  ECF No. 31 at 10.  Plaintiffs have offered no

new evidence to disrupt this finding. Plaintiffs have provided text message evidence that, at most, suggests that one of Defendant Smith's lawyers (Mr. Perri) was aware that service was proper, but not that Defendant Rover—the removing party whose reasonable diligence is at issue— was aware that service was proper. As such, Plaintiffs have not demonstrated any new evidence requiring this Court to vacate its October 11 Order.[2] In light of Defendant Rover's reasonable belief that service was improper based on information available to it at the time, this Court is similarly not persuaded that Defendant Rover has exercised fraud, misrepresentation, or misconduct warranting vacating this Court's October 11 Order.

## VI. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Relief is denied. An appropriate order follows.

O:\CIVIL 23\23-2858 K.T. v. A Place for Rover et al\23cv2858 Memorandum re Motion for Relief re Removal.docx

---

[2] Given this finding, this Court need not consider Defendant Rover's remaining arguments in favor of denying Plaintiffs' Motion for Relief.