IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| K.T., R.D., and KAITLIN BAILEY,<br>*Plaintiffs,*<br><br>v.<br><br>A PLACE FOR ROVER and ANTOINE SMITH<br>*Defendants.* | CIVIL ACTION<br><br>NO. 23-02858<br>NO. 23-02859<br>NO. 23-02860 |
|---|---|

<u>MEMORANDUM RE: MOTIONS FOR LEAVE TO AMEND AND FOR RECONSIDERATION</u>

**Baylson, J.**                                                                                                          **March 29, 2024**

Pending before this Court is Plaintiffs' Omnibus Motion for Leave to Amend the Complaints and for Reconsideration of this Court's October 31, 2023 Order granting Rover's Motion to Compel Arbitration and Stay ("Plaintiffs' Motion for Leave to Amend and Reconsideration").[1]  ECF No. 35.  For the following reasons, Plaintiffs' Motion for Leave to Amend and Reconsideration is denied.

I.     **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of the present motions, familiarity with the facts is assumed.  This Court will therefore incorporate by reference the factual discussion from this Court's Memorandum granting Defendant Rover's Motion to Compel Arbitration and Stay.  <u>See</u> ECF No. 33.

Plaintiffs filed Complaints against both Defendant Smith and Defendant Rover in the Philadelphia Court of Common Pleas on June 6, 2023. In their original Complaints, Plaintiffs allege claims for violations of the Pennsylvania Human Trafficking Statute, 18 Pa. C.S. § 3501, and Pennsylvania's wiretapping statute, 18 Pa. C.S. § 5703; intentional infliction of emotional

---

[1] Three Plaintiffs, K.T., R.D. and Bailey, filed separate suits against both Defendants Rover and Smith, with overlapping issues. This Court consolidated these cases for pretrial purposes on September 18, 2023. ECF No. 28. All citations to ECF refer to Plaintiff Bailey's docket, 23-2860, unless otherwise specified.

1

distress; negligence; and negligent infliction of emotional distress. See ECF No. 1, Ex. A (Compl.). Defendant Rover removed the three cases to federal court in July 2023. ECF No. 1. Plaintiffs filed a motion to remand, which this Court denied. See ECF No. 32. In August 2023, Defendant Rover filed a Motion to Compel Arbitration and to stay all proceedings pending arbitration. ECF No. 15. Plaintiffs opposed the motion. ECF No. 21. Defendant Rover then filed a Reply in support of its Motion to Compel Arbitration on October 2, 2023. ECF No. 30. On October 31, this Court granted Defendant Rover's Motion to Compel Arbitration and Stay. See ECF No. 34.

On November 13, 2023, Plaintiffs filed their Motion for Leave to Amend and Reconsideration. ECF No. 35. On December 4, 2023, Defendant Rover filed a Response in Opposition to Plaintiff's Motion to Amend Complaint and Motion for Reconsideration. ECF No. 38.

## II.  LEGAL STANDARD

### A. Standard for Motion for Reconsideration

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." Smith v. Unilife Corp., 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015) (Baylson, J.). Further, a motion for reconsideration "is not to be used to give a litigant a 'second bite at the apple,' nor may it be used to rehash arguments which have already been briefed by the parties and considered and decided by the court." Johnson v. BB&T Corp., 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) (Joyner, J.) (quoting Bhatnagar v. Surrendra

2

Overseas, Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)).

Rather, "[a] judgment may be altered under Rule 59(e) if the party seeking reconsideration shows at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" In re Vehicle Carrier Sers. Antitrust Litig., 846 F.3d 71, 87 (3d Cir. 2017) (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (Baylson, J.) (citation and internal quotation marks omitted); see also Johnson, 2018 WL 1518618, at *2 ("Third Circuit law is fairly clear that [m]otions for reconsideration under Fed. R. Civ. P. 59(e) ... are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.").

### B. Standard for Motion for Leave to Amend

Courts should freely grant motions to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a). When deciding whether to allow amendment of a complaint, the court must consider "'if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party,' or if the amended complaint would be futile." Fletcher Partners, LLC v. Truist Bank, 2020 WL 5407857, *1 (E.D. Pa. Sept. 9, 2020) (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)) (Gallagher, J.). An amendment is futile if it "will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

3

### III. DISCUSSION

#### A. Parties' Contentions

Plaintiffs ask this Court to amend their complaints to bring counts for claims under 15 USCS § 6851 (hereinafter, Civil Action Relating to Disclosure of Intimate Images, ("CARDII")) and 18 Pa. Cons. Stat. Ann. § 2709(a)(4) and seek reconsideration of this Court's prior Arbitration Order based on new evidence. ECF No. 35 at 2. Plaintiffs argue that informal discovery in a related case against Defendant Smith provided Plaintiffs with various documents and data including data from Smith's cellphone that constitutes "newly discovered evidence." Id. at 7. This "newly discovered evidence" includes further details about how Smith stored hundreds of video files and more details about the hidden cameras used to film Plaintiffs. Id. at 8-12. Plaintiffs assert that this new evidence demonstrates potential "criminal sexual harassment" under 18 Pa. Cons. Stat. Ann. § 2709(a)(4), and this case now meets the definition of a "sexual harassment dispute" under the EFAA, which requires reconsideration of this Court's prior Arbitration Order. Id. at 2.

In response, Defendant Rover argues that the Court should deny Plaintiffs' Motion for Reconsideration because the "new evidence" provided by Plaintiffs is not materially different from the evidence offered in their original Complaints and their argument is based on the same legal theory. ECF No. 38 at 7. Further, Defendant Rover argues that the criminal harassment statute is not a law under which the alleged conduct constitutes 'sexual harassment' under the EFAA. Id. at 8. Defendant Rover maintains that this Court should also deny Plaintiffs leave to amend their complaint because the proposed Amended Complaint does not state a plausible claim for CARDII, so leave to add that claim would be futile. Id. at 9. Defendant Rover notes

that CARDII did not take effect until October 1, 2022 and Plaintiffs' allegations revolve around events that took place in March and April 2022.  Id.

### B. Motion for Reconsideration

In their Motion for Reconsideration, Plaintiffs assert there is "newly discovered evidence" that demonstrates potential violations of "criminal sexual harassment" under 18 Pa. Cons. Stat. Ann. § 2709(a)(4).  ECF No. 35 at 3.  Newly discovered evidence for reconsideration purposes "does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available."  Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010).  Here, Plaintiffs acknowledge that "the allegations made against Smith are no different" and that they seek to "expand their Complaints to include more layers of Smith's conduct" based on this "new evidence."  ECF No. 35 at 5.  At the time of the Arbitration Order, this Court was aware that Defendant Smith used hidden cameras to secretly film Plaintiffs while they showered, used the bathroom, slept, and were in various stages of undress.  See ECF No. 33 at 2.  The "new evidence" presented by Plaintiffs includes further details from Defendant Smith's phone about how many videos he stored and details about the hidden cameras, and suggests that he has instructed others to discredit the Plaintiffs on social media.  ECF No. 35 at 8-12.  As Defendant Rover notes, "this case has always been about allegedly surreptitious recording" and this "new information" provided by Plaintiffs only serves to expand upon their existing allegations and does not offer new factual allegations.  ECF No. 38 at 7.  Therefore, Plaintiffs have not provided newly available evidence that warrants reconsideration of Defendant Rover's Motion to Compel Arbitration.

Further, even if this Court did consider this new evidence, Plaintiffs have nevertheless failed to present allegations that meet the definition of a "sexual harassment dispute" under the EFAA.  The EFAA defines "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law."  9 U.S.C. § 401(4).  The statute referenced, 18 Pa. C.S. § 2709(a), is Pennsylvania's criminal statute for harassment which falls under Title 18 Pa. C.S.A. "Crimes and Offenses."  Under § 2709(a)(4), a person commits the crime of harassment when, with intent to harass, annoy, or alarm another the person "communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures."

Plaintiffs argue that the new factual allegations constitute a claim of "criminal sexual harassment" under § 2709(a) and this case now meets the definition of a "sexual harassment dispute" under the EFAA.  ECF No. 35 at 2.  However, this statute does not once use the term "sexual harassment."  None of the cases that Plaintiffs cites in support of their "criminal sexual harassment" claim under § 2709(a) use the term "sexual harassment."

Further, this Court has not found any case involving a violation of § 2709(a) that has referenced the term "sexual harassment" in its decision.  Thus, 18 Pa. C.S. § 2709(a) is not a law that explicitly prohibits sexual harassment.  As this Court has already held, the plain language of the EFAA makes it inapplicable "where there has not been an allegation that such conduct violated a law prohibiting sexual harassment."  See ECF 33 at 9 (quoting Yost v. Everyrealm, Inc., 2023 WL 2224450, at *16 (S.D.N.Y. Feb. 24, 2023)).  Therefore, Plaintiffs' allegations of conduct under § 2709(a) do not meet the definition of "sexual harassment dispute" under the EFAA, and this Court must deny Plaintiffs' Motion for Reconsideration.[2]

---

[2] Plaintiffs do not argue that their CARDII claim constitutes a sexual harassment dispute that would trigger the EFAA, and therefore, this Court will not address this.

**C. Motion for Leave to Amend**

Plaintiffs also request leave to amend their complaint to include a claim under CARDII, which provides a remedy to victims whose intimate visual depiction are disclosed. 15 U.S.C. § 6851. When deciding whether to allow amendment of a complaint, the court must consider whether the amended complaint would be futile, which means it "would fail to state a claim upon which relief could be granted." Fletcher Partners, 2020 WL 5407857, at *1 (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)) (Gallagher, J.); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). The question here, which is one of first impression, is whether § 6851 should be applied retroactively. The question of whether a statute applies retroactively is based on when the alleged misconduct took place. See United States ex rel. Int'l Bhd. of Elec. Workers Loc. Union No. 98 v. Farfield Co., 5 F.4th 315, 329 (3d Cir. 2021) (explaining that the issue in the case is whether the statute "applies retroactively to conduct antedating that provision's June 7, 2008 effective date"). Plaintiffs' allegations involve conduct that took place in March and April 2022. ECF No. 35 at 45-47. CARDII did not take effect until October 1, 2022. See § 6851.

In general, the Supreme Court has identified a presumption against statutory retroactivity. See Landgraf v. USI Film Products, 511 U.S. 244, 278 (1994). ("We did not intend to displace the traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment.") This presumption is based on considerations of fairness which "dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." Id. at 265. Further, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took

place has timeless and universal appeal." Id. (quoting Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 855 (SCALIA, J., concurring)).

The Third Circuit follows a three-step analysis for determining whether a statute should apply retroactively based on the framework set forth in Landgraf and Lindh v. Murphy, 521 U.S. 320 (1997). The first question in a retroactivity analysis is whether Congress has expressly provided the temporal reach of a statute. Mathews v. Kidder, Peabody & Co., 161 F.3d 156, 161 (3d Cir. 1998). CARDII does not include any dates, and there is no specific instruction for its terms to apply to actions that occurred on past dates or only apply to actions that occur on future dates. See § 6851. Therefore, Congress did not expressly indicate the temporal reach of the statute. In the absence of an express statement from Congress, the second step is to use normal statutory construction rules to determine "if Congress manifested an intent to only apply a statute to future cases." Mathews, 161 F.3d at 161. The text of § 6851 provides no clues to if Congress intended this statute to only apply prospectively. There are no references to the future and no indication that this statute applies to only actions taken after the effective date of this statute.

Since neither an express command nor an intent to apply a statute prospectively was found, the third question is whether applying the statute would have a retroactive effect. Mathews, 161 F.3d at 161. A statute has a retroactive effect if it "takes away or impairs vested rights acquired under existing laws, or create a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." Landgraf, 511 U.S. at 269 (internal quotations omitted). If the statute would have a retroactive effect, the Third Circuit instructs courts that the "final task is to employ the strong presumption" against applying a statute retroactively "unless Congress manifested clear intent that the statute apply retroactively." Farfield Co., 5 F.4th at 330; see also Landgraf, 511 U.S. at 270 ("Since the early days of this

Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent.").

To determine if a statue would have a retroactive effect, the court must ask "whether the new provision attaches new legal consequences to events completed before its enactment." Landgraf, 511 U.S. at 270.  In Landgraf, the Supreme Court found that the amendment at issue, which created a new right to monetary relief on persons who were victims of a hostile work environment, would have a retroactive effect because it "would attach an important new legal burden" to that conduct.  Id. at 283.  The Court found this provision could be seen as "creating a new cause of action, and its impact on parties' rights is especially pronounced." Id.  Further, the Court found that the provision would impose on employers "found liable a 'new disability' in respect to past events." Id. at 284. Here, this statute allows:

> An individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure" to bring a civil action against that individual.

15 U.S.C. § 6851.  The statute further provides relief that:

> An individual may recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred; and the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction.

Id.  This statute creates a new federal cause of action for persons whose intimate images are disclosed and creates liability for individuals who disclose such images.  Similar to the provision in Landgraf, this statute would attach an important new legal burden to the conduct of disclosing an individual's intimate images.  It would impose on individuals found liable a "new disability" in respect to past events that were not previously actionable.  Landgraf, 511 U.S. at 284.  Thus,

9

this statute would have a retroactive effect because it creates new legal consequences to events completed before its enactment. Since there is no clear Congressional intent to apply the statute retroactively, this leads the Court to conclude that § 6851 should not be given retroactive application. Therefore, Plaintiffs fail to state a plausible claim under CARDII. Since the additional claim would be futile, this Court denies Plaintiffs' leave to amend the Complaints.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend and Reconsideration is denied. An appropriate order follows.

O:\CIVIL 23\23-2858 K.T. v. A Place for Rover et al\23cv2858 Memorandum re Motion for Leave to Amend and For Reconsideration.docx