IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.T. | : |
| | : |
| v. | : Civil Action 2:23-cv-02858-MMB |
| | : |
| A PLACE FOR ROVER | : |
| | : |
| and | : |
| | : |
| ANTOINE SMITH | : |

**MOTION TO DISMISS OF**
**DEFENDANT ANTOINE SMITH**

Defendant, Antoine Smith, by and through his counsel, William M. Davis, Esquire, respectfully submits the following Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

**BACKGROUND AND PROCEDURAL HISTORY**

On June 6, 2023, Plaintiff filed this claim in state court, alleging claims of negligence and negligent infliction of emotional distress. The Complaint, in relevant part, alleges that Defendant Smith secured the employment of Plaintiff through the third-party Defendant Rover company, in order to conduct dog-sitting services for Defendant Smith. It is alleged that Defendant Smith had cameras in his home that could have viewed and possibly recorded Plaintiff while she was inside Defendant Smith's home.

On July 26, 2023, the matter was removed to Federal Court. On September 18, 2023, the Court granted a Motion consolidating this matter, for pre-trial purposes, with two similar matters, 2:23-cv-02859 and 2:23-cv-02860. On October 31, 2023, the Court

1

granted Defendant Rover's Motion to Compel Arbitration and Stay. The above cited consolidated cases were both withdrawn by Voluntary Dismissal on behalf of the respective Plaintiffs on September 24, 2024.On October 31, 2024, counsel for Plaintiff filed a Motion to Withdraw, which was granted by the Court the same day, and the case was stayed for 30 days, during which time Plaintiff was afforded time to secure new counsel. It should be noted that no discovery was done by Plaintiff, at all, in any way, in the present matter, from the initial filing of the matter in state court through the present. It should also be noted that Plaintiff has made no effort to prosecute the claim through Court mandated arbitration.

## **LEGAL ARGUMENT**

Plaintiff has made no attempt to prosecute this claim in any way. To the contrary, Defendant Smith took proactive steps to prove his innocence, and the fact that he was not liable for any damages Plaintiff might claim. Defendant Smith hired a forensic electronics expert who analyzed the primary camera Plaintiff referenced in her Complaint. The expert also analyzed Defendant Smith's cell phone and the wi-fi system in his home. The expert reached conclusions that the camera at issue was not connected in any way to Defendant Smith's cell phone, could not be connected to any other device due to insufficient wi-fi availability, and the camera was incapable of recording, due to the lack of a sim card or other device capable of saving digital data (See Expert Report of Defendant's Expert, James Cadden, Exhibit 1). All of this information was shared with Plaintiff's counsel and it is believed, and therefore averred, that it was for this reason that the other two consolidated cases were withdrawn by Voluntary Dismissal. Further, the only reason the current case was not withdrawn, is because Plaintiff has failed to respond

to counsel, who has since withdrawn from the case. Plaintiff has not secured new counsel of record as of the date of this filing, which is 30 days beyond the 30 day stay, which expired on December 1, 2024.

Plaintiff has never offered any documents, deposition testimony, or evidence of any kind to substantiate the allegations made in her Complaint. Further, Plaintiff has not made any attempt to prosecute this claim through arbitration, which was Ordered by the Court fourteen months ago. This complete inaction by Plaintiff justifies the Court in dismissing the present matter, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute, and this is the only ruling that will afford justice to Mr. Smith.

In the case of *R and C Oilfield Services LLC v. American Wind Transport Group LLC, 45 F.4th 655 (2022)*, the Third Circuit affirmed a dismissal under similar circumstances. In *R and C Oilfield Services*, the Court was faced with a situation where arbitration had been ordered, and the Plaintiff did not prosecute their claim through arbitration for one year. Defendant filed a motion to dismiss, pursuant to Rule 41(b), which was granted by the district court and affirmed by the Third Circuit. The appeals court stated, "a district court need not balance the *Poulis* factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling. See *Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994)*." *Id. At 661.*

In the present case, Plaintiff engaged in no discovery and produced no evidence for eighteen months. Plaintiff has made no effort to prosecute the claim through arbitration for fourteen months. It is highly unlikely, given the evidence produced by Defendant Smith, that Plaintiff could prevail on any of her claims. Therefore, pursuant to Rule 41(b), as well as the applicable caselaw, the present matter should be dismissed.

## **CONCLUSION**

Where, as here, a Plaintiff has engaged in no discovery, has produced no evidence, and has made no effort to prosecute their claim through court ordered arbitration, the Court should exercise its authority to achieve an expeditious and orderly disposition of cases and dismiss the current matter, pursuant to Federal Rule of Civil Procedure 41(b).

                                      Respectfully submitted,

                                      **/s/ William M. Davis, Esq.**
                                      WILLIAM M. DAVIS, ESQUIRE
                                      Attorney for the Defendant Antoine Smith

**CERTIFICATE OF SERVICE**

I, William M. Davis, Esquire, hereby certify that a true and correct copy of the within Motion to Dismiss has been served via electronic filing and/or U.S. Mail upon the following:

**The Honorable Michael M. Baylson**
**United States Courthouse**
**601 Market Street**
**Philadelphia, PA  19106**

**Plaintiff K.T.**

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
**Bonnie M. Hoffman**

**Cary L. Rice**

**One Logan Square, 27th floor**

**Philadelphia, PA 19103-6933**

**DAVIS WRIGHT TREMAINE LLP**

**Ambika Kumar,** *pro hac vice*

**Xiang Li,** *pro hac vice*

**920 Fifth Avenue, Ste. 3300**

**Seattle, WA 98104-1610**

                                         **/s/ William M. Davis, Esq.**
                                         WILLIAM M. DAVIS, ESQUIRE
                                         Attorney for Defendant Antoine Smith

Dated:  December 30, 2024