IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.T.,<br>*Plaintiff,*<br><br>v.<br><br>**A PLACE FOR ROVER AND ANTOINE SMITH**<br>*Defendants.* | **CIVIL ACTION**<br><br>NO. 23-2858 |

**ORDER**

**AND NOW**, this 16th day of January, 2025, upon consideration of Defendant Antoine Smith's Motion to Dismiss for failure to prosecute (ECF 50), filed on December 31, 2024, and Defendant A Place for Rover's Motion to Dismiss (ECF 51), filed on January 14, 2025, in the absence of any opposition and good cause having been shown, it is hereby **ORDERED** that both Motions to Dismiss (ECF 50–51) are **GRANTED with prejudice**.[1]  This case shall be **DISMISSED**.  The clerk shall close this case.

---

[1] Plaintiff's Complaint raises serious allegations, but Plaintiff has utterly failed to prosecute her claim.  Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a case where the "plaintiff fails to prosecute or [ ] comply with these rules or a court order." Fed. R. Civ. P. 41(b).  The Court possesses inherent authority "to dismiss a case for lack of prosecution," particularly "where a litigant's conduct has made adjudication impossible." R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) ("[A] district court need not balance the Poulis factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling.").

The Court compelled arbitration of this case on October 31, 2023, ECF 36, and since that time, Plaintiff has taken no steps to commence any arbitration proceeding.  ECF 50 at 2.  After the Court denied Plaintiff's motion to reconsider the Order compelling arbitration on March 29, 2024, ECF 46, Plaintiff effectively abandoned this case.  On October 31, 2024, after months of inaction, counsel for Plaintiff moved to withdraw their representation because "Plaintiff's counsel has lost contact with Plaintiff and despite multiple efforts has not been able to get in touch with Plaintiff." ECF 47-1 at 1.  Plaintiff, now proceeding *pro se*, has not updated her contact information with the Court and has failed to respond to Defendant Smith's instant Motion to Dismiss.

It is clear to the Court based on these facts that Plaintiff has failed to prosecute her claim after receiving an adverse ruling compelling her to arbitrate.  Dismissal is warranted.

It is further **ORDERED** that Defendants shall serve a copy of this Order on *pro se* Plaintiff K.T.

The Clerk of Court shall close this case.

**BY THE COURT:**

**/s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-2858 K.T. v. A Place for Rover et al\23cv2858 Order Dismissing Case.docx